# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA RESORT ASSOCIATION – I.A.T.S.E. LOCAL 720 RETIREMENT PLAN, | Case No. 2:04-CV-1310-KJD-CWH |
| Cross-claimant, | **ORDER** |
| v. | |
| JUDY CARMONA, | |
| Cross-defendant. | |

Presently before the Court is Cross-Claimant's Request for Entry of Formal Judgment (#108). Cross-defendant Judy Carmona ("Carmona") filed a response in opposition (#109) to which Cross-claimant replied (#111). Also before the Court is Carmona's Motion for Rule 11 Sanctions (#110). Cross-claimant filed a response in opposition (#113) to which Carmona replied (#114). Finally, before the Court is Cross-claimant's Motion for Leave to File a Surreply (#115). Having read and considered the motion for leave and good cause lacking, it is denied.

On March 12, 2012, the Court's prior orders having been affirmed in part, reversed in part and remanded by the Ninth Circuit Court of Appeals, the Court granted (#106) Cross-claimant's motion for reconsideration and granted summary judgment on Cross-claimant's motion for declaratory relief in accordance with the Ninth Circuit's instructions. Furthermore, the Court ordered the Clerk of the

Court to enter a separate judgment in favor of Cross-claimant and against Carmona.  The same day the Clerk of the Court entered separate Judgment (#107) in accordance with the order of the Court.

Over one hundred and eighty (180) days later, Cross-claimant filed the present motion requesting that the Court enter a separate judgment in accordance with its Order (#106).   Federal Rule of Civil Procedure 58(a) requires that every judgment be set out in a separate document.  The Judgment entered as Docket No. 107 satisfied this requirement that the Court's Order (#106) be set out in a separate document.  Thus, though Rule 58(d) allows a party to request that judgment be set out in a separate order, Cross-claimant's request is unnecessary, the Court clearly already having done so.  Instead, Cross-claimant is clearly requesting that the Court alter or amend the judgment to contain the precise wording of the declaratory judgment that it sought in its pleading.  Such a request is contemplated by the rules and is proper when filed no later than twenty-eight (28) days after the entry of judgment.  See Fed. R. Civ. P. 59(e).  Unfortunately, Cross-claimants motion is clearly untimely.  Therefore, the Court denies the motion as untimely.[1]

The Court recognizes that Cross-claimants' reply in support of its motion expressly states that it is not making a motion under Rule 59(e).  However, the Court did not, as Cross-claimant contends, "merely [grant] a motion for summary judgment[.]" The Court clearly granted the motion for summary judgment in Order (#106) and had a separate Judgment (#107) entered at the Court's instruction.  The judgment was final and appealable as of March 12, 2012.  Any argument to the contrary is mere sophistry.  The case was formally terminated or closed on March 12, 2012 and that has been apparent in the CM/ECF docket since that date.

Finally, because a Rule 58(d) request is an appropriate pleading, the Court denies Carmona's motion for sanctions.  Though Carmona asserts that Cross-claimant is acting in concert secretly with Janis Carmona, other than the timing of Cross-claimant's motion, no evidence has been adduced

---

[1] Cross-claimant also concedes in its pleadings that issuance of a declaratory judgment with the precise wording it seeks will have no practical effect on its position.  It will continue to pay the survivor benefit to Janis Carmona whether or not an amended judgment issues.

2

showing that Cross-claimant acted with the motive to benefit anyone other than itself. However, were the Cross-claimant retirement plan to continue to expend plan assets in order to seek a judgment that they now admit would not change the status quo, the Court would be inclined to look more favorably upon a motion for attorney's fees.

     Accordingly, IT IS HEREBY ORDERED that Cross-Claimant's Request for Entry of Formal Judgment (#108) is **DENIED**;

     IT IS FURTHER ORDERED that  Carmona's Motion for Rule 11 Sanctions (#110) is **DENIED**;

     IT IS FURTHER ORDERED that Cross-claimant's Motion for Leave to File a Surreply (#115) is **DENIED**.

     DATED this 24th day of September 2013.

_____
Kent J. Dawson
United States District Judge